UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AMIR H. SANJARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-423 TS |
| | ) | |
| ALISON GRATZOL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Amir H. Sanjari, a *pro se* Plaintiff, filed a Complaint and an *in forma pauperis* petition. Sanjari alleges that in 2001, the Defendant, his ex-wife, conspired with her attorney and the state court to obtain a fraudulent state court order granting her full custody of their children in violation of his fundamental constitutional rights. He alleges that the order is void and he seeks "declaratory and injunctive relief declaring the said *in rem* order (issued and dated August 27, 2001, by Elkhart Superior Court of Indiana), and all subsequent orders based upon it, *void ab initio*." (Pf. Cplt. 27.)

Sanjari alleges that his ex-wife conspired with the state court to deny him his federal constitutional rights. While a private individual does not usually act under color of state law, where a plaintiff alleges that private persons acted in concert with state actors, they may become state actors for the purposes of § 1983. *Dennis v. Spark*, 449 U.S. 24 (1980). Sanjari alleges that the conspiracy, fraud, and child custody order all occurred in 2001, six years before he filed suit.

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period

found in INDIANA CODE § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). Here, this case was filed in 2007, years after the statute of limitations expired in 2003.

Citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999), Sanjari argues in his complaint that an order obtained by fraud is void and can be challenged at any time. *Long* does not support his position because it states that, in Illinois, a judgment procured by fraud is not void, it is merely voidable.

> Illinois law distinguishes between judgments that are void and those judgments that are merely voidable. A void judgment, "that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court." *People ex rel. Brzica v. Village of Lake Barrington*, 268 Ill. App. 3d 420, 644 N.E.2d 66, 69-70, 205 Ill. Dec. 850 (Ill. App. Ct. 1994). **By contrast, an attempt to set aside a voidable judgment—one procured through fraud after the court has already acquired subject matter jurisdiction—must be direct.** *See Orrway Motor Serv., Inc. v. Illinois Commerce Comm'n*, 40 Ill. App. 3d 869, 353 N.E.2d 253, 256 (Ill. App. Ct. 1976) ("The attack [on a voidable judgment] . . . must be direct, for the purpose of establishing by other evidence the untruthfulness of the record.") (*quoting Kavanagh v. Hamilton*, 53 Colo. 157, 125 P. 512, 515 (Colo. 1912)).

*Long*, 182 F.3d at 561 (emphasis added).

Nevertheless, *Long* is inapplicable because it is based on Illinois law and this is an Indiana case. Here, Indiana had both subject matter jurisdiction and personal jurisdiction. INDIANA CODE 31-21-5-2 provides that an Indiana court that rendered an initial child custody determination has exclusive, continuing jurisdiction over child custody. Sanjari attaches his Decree of Dissolution dated August 23, 2000. (Pf. Cplt., Ex. 1, DE 1-2.) It shows that Sanjari appeared in person for the trial on August 22, 2000, and that a custody determination was rendered as a part of the divorce proceedings. Thus, Indiana courts had jurisdiction over the custody of the children and the subsequent 2001 judgment modifying custody was not void.

> Indiana appellate courts have consistently held that a judgment rendered by a court without jurisdiction to hear that particular case is not void, but merely voidable. If not attacked in a timely manner, the jurisdictional defect is waived.

*Troxel v. Troxel*, 737 N.E.2d 745, 750 (Ind. 2000). Even if the custody modification was voidable, it was not raised in a timely manner and it did not toll the statute of limitations.[1]

This claim is barred by the statute of limitations which expired approximately four years ago. Although the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (holding that principle set forth in 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoner pro se cases but is a general principle of civil procedure).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

Because the validity of a statute of limitations defense is apparent and unmistakable from the Complaint itself, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on October 16, 2007.

>  s/ Theresa L. Springmann  
> THERESA L. SPRINGMANN  
> UNITED STATES DISTRICT COURT  
> FORT WAYNE DIVISION

---

[1] Furthermore, because the Indiana Courts retain continuing jurisdiction over child custody cases, Sanjari could have (and may have) sought a further modification from the Indiana Courts, rather than waiting years to bring this federal court proceeding.