## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AMIR H. SANJARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-423 TS |
| | ) | |
| ALISON GRATZOL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Amir H. Sanjari, a *pro se* plaintiff, filed a motion to alter or amend the judgment (DE 7) pursuant to Federal Rule of Civil Procedure 59(e), and later filed a supplement to that motion. The Court previously dismissed this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it is apparent from the complaint that it is untimely under the applicable statute of limitations. The crux of Sanjari's motion is an expression of confusion over why the Court referred to 42 U.S.C. § 1983. In his twenty page affidavit[1] in support of this motion, he states:

> Sanjari will herein not individually address the issues in the false chain of reasoning espoused, in its erroneous decision, by the instant USDC in view of the fact that they all rest upon the false foundation of **§ 1983** that the instant USDC has created and presented. Suffice it to state that in view of the *in rem* order by the state court having been obtained in violation of Sanjari's **Due Process** and **Fourteenth Amendment** rights, the said order is unconstitutional and, therefore, *void ab initio*. The relevant arguments ("VOID JUDGMNT" [sic], **PC**, pg11) have selectively been ignored by the USDC. After all Sanjari specifically sought remedy from this court under federal questions (**Fourteenth Amendment** violation, etc) and diversity (**28 U.S.C. § 1331-2, PC**, pg1) stating a claim for which there is no discretion that USDC is the proper venue for the instant action and it must take jurisdiction.

Sanjari Affidavit ¶ 6, DE 7-2 at 3 (emphasis in original).

---

[1] Although the filing qualifies as a declaration pursuant to 28 U.S.C. § 1746, it is not an affidavit because it is not notarized.

The basis of Sanjari's complaint was that his ex-wife conspired with the state court to deny him his federal constitutional rights. His claim is not that he was independently injured by his ex-wife. Rather, his allegation is that he was injured through the power and color of state law by the issuance of a fraudulent state court order granting her full custody of their children in violation of his fundamental constitutional rights. These allegations sketch out the parameters of a § 1983 claim.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted). Indeed, without § 1983, Sanjari has no federal claim against his ex-wife at all. Unless she is alleged to be a government actor or in concert with one, she is not limited by the Fourteenth Amendment and he is not entitled to due process from her. That is, without § 1983 and the allegations of actions with a state actor, Sanjari's claim that his consitutional rights were violated would not present a federal question.

Additionally he argues that diversity jurisdiction exists, but diversity jurisdiction requires a state law claim. Here, he is claiming the violation of a federal constitutional right. Such a claim does not arise under state law. Therefore, there is no relevant diversity jurisdiction question. He also asserts that this court is the proper venue and jurisdiction, but neither venue nor jurisdiction were the basis for the dismissal, therefore they are not relevant either.

Finally, he argues that this Court ignored his claim that the *in rem* judgment was void is not factually support by a simple reading of the Court's order, which acknowledged:

> He alleges that the order is void and he seeks "declaratory and injunctive relief declaring the said *in rem* order (issued and dated August 27, 2001, by Elkhart Superior Court of Indiana), and all subsequent orders based upon it, *void ab initio*."

Order of October 16, 2007, DE 5 at 1. The Court then went on for more than a page explaining why the judgment was not void even if obtained by fraud as alleged.

For the foregoing reasons, the motion to alter or amend (DE 7) is **DENIED**.

SO ORDERED on January 22, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION